FILED

JAN 2 9 2020

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FT. WORTH DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| **REGINA NACHAEL HOWELL FOSTER** | § | **CASE NO. 12-43804-RFN-7** |
| | § | **Chapter 7** |
| Debtor. | § | |

| | | |
|---|---|---|
| **REGINA NACHAEL HOWELL FOSTER,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § **ADV. NO.** 19-04131-elm | |
| | § | |
| **AREYA HOLDER, et al.,** | § Removed from the 153rd Judicial | |
| | § District Court for Tarrant County | |
| | § Cause No. 153-313162-19 | |
| | § | |
| **Defendants.** | § | |

### <u>Reply to Objection to Motion to Withdraw the Reference</u>

TO THE HONORABLE UNITED STATES BANKRUPTCY COURT:

NOW COMES Regina Nachael Howell Foster, plaintiff in the above-styled and number adversary proceeding and files this motion to withdraw the reference of the above styled and number cause for lack of subject matter jurisdiction and in support would respectfully show:

### I.    RELEVANT FACTS

1.    On November 7, 2019 Plaintiff, Regina Nachael Howell Foster, filed a personal injury

tort lawsuit styled Regina Nachael Howell Foster v. Areya Holder, Cause No. 153-313162-19 in

the 153rd Judicial District Court of Tarrant County, Texas, alleging that a civil conspiracy action

against two or more persons who used their official position of public trust to unlawfully 1)cause

another to sign or execute a document affecting property, caused and/or induced a public servant

to file and record a Constitutionally VOID judgment[1], in the County Records of Tarrant county on or about November 7, 2017, as D217258279, with the sole intent of causing Regina Nachael Howell Foster, and her minor Children, retaliatory harm in violation of Texas Penal Code § 36.04 and for the sole purpose of violating Regina Nachael Howell Foster Rights under Art. I Sec. 19 and Art. I Sec 13 of the Texas Constitution in order to violation to violate Texas Penal Code § 36.04 by influencing the outcome of the Texas divorce proceeding of Regina Nachael Howell Foster, and in the interest of the minor Foster Children, against Carlos Foster for the just and equitable division of over $1 million dollars of income producing property and child support from community property under the sole management and control of Carlos Foster on the basis of considerations other than those authorized by law.

2.      It is undisputed that in the prior bankruptcy proceeding that the aggregate amount of community claims under 11 USC 101(7) was only **$4,365.89, representing the aggregate value of the two (2) remaining allowed community claims**, specifically claim number 4 and Claim 6-2[2], incurred after the 2001 marriage of Regina Nachael Howell Foster and Carlos Foster[3] (the "State Court Litigation"). In the State Court Litigation, the Regina Nachael Howell Foster sued Areya Holder, Michelle E. Shriro, Todd Hoodenpyle, and the law firm of Singer & Levick, P.C. alleging ultra vires acts and conspiracy to violate Texas law by knowing participating in a strawman purchase of community property in order to commit a fraud upon the

---

[1] As explained in detail below the purported judgment was obtained in violation of Texas Penal Code 32.46 and in violation of the bankruptcy courts limited subject matter jurisdiction under 28 USC 158(b) and 11 USC 541(a)(2)(B).

[2] The Court is asked to take judicial notice of Document DKT 497, The Trustee Final Report, in the matter styled in re Regina Nachael Howell Foster, and numbered 12-43804-RFN- 7 and See also on file with this court as Exhibit K to the Supplemental State Court Lawsuit Petition and incorporated by reference page 20-21 of 22

[3] The Original Petition for Divorce, is on file with this Court as Exhibit B to the Supplemental Stae Court Lawsuit Petition and incorporated by reference.

Texas court and the Tarrant County, Texas, county records clerk. The lawsuit alleges that the trustee, and her counsel, individually and collectively, conspired with Carlos Foster to file false and fraudulent records in a Texas state court proceeding and in the County Records of Tarrant County to file a pretend sale of real estate to SAI REED PROPERTIES INC, as a straw purchaser to avoid a Texas state law mandated just and equitable division of property, acquired by Carlos Foster, by and through his defunct alter ego, 1st Aid Accident & Injury, Inc., during the couple's marriage. A true and correct copy of the Original Complaint, filed in the 153rd Judicial District Court for Tarrant County, Texas for Cause No. 153-313162-19 , which should be on file with this court, pursuant to Federal Rule of Bankruptcy 9027, as part of the joint Notice of Removal [DKT 1] filed by defendants Areya Holder Aurzada, Singer & Levick, P.C., Todd A. Hoodenpyle and Michelle E. Shriro, is incorporated herto in its entirety by reference

3.      On December 17, 2019, thirty-two (32) days after service of citation and complaint on each of the respective defendant(s) in the state court act refenced above, filed a joint Notice of Removal [DKT 1] of Plaintiff's pure state law claims, of civil conspiracy to violate Texas Penal Code Provisions to cause Plaintiff injury, pursuant to 28 USC § 1452(a) and Bankruptcy Rule of Procedure 9027. The December 17, 2019 joint Notice of Removal [DKT 1]  was filed in in the above-styled and number adversary proceeding by defendants Areya Holder Aurzada, Singer & Levick, P.C., Todd A. Hoodenpyle and Michelle E. Shriro was based on Plaintiff's anticipation of Defendants federal affirmative defenses, of res judicata, collateral estoppel, and immunity based on void for lack of subject matter jurisdiction orders entered by a federal bankruptcy judge, to the purely state law claims. The December 17, 2019 Notice of Removal [DKT 1] is on file with this court and incorporated hereto in its entirety by reference.

4.     On or about December 24, 2019 Plaintiff filed a timely request for a jury trial in the above-styled and numbered cause, and such pleading on file with this court is incorporated hereto in its entirety by reference.

5.     On or about December 24, 2019 Plaintiff filed a timely notice of non-consent to a bench trial by the bankruptcy judge the above-styled and numbered cause, and such pleading on file with this court is incorporated hereto in its entirety by reference.

6.     On or about December 24, 2019 Plaintiff filed a timely motion for remand objecting to the removal of this matter from state court on the thirty-second (32nd ) day from the date of service, and such pleading on file with this court is incorporated hereto in its entirety by reference.

7.     On or about December 24, 2019 Plaintiff filed a timely motion for remand for lack of original subject matter jurisdiction for lack of subject matter jurisdiction under the controlling precedent of *Northern Pipeline Constr. Co. v. Marathon Pipe Line* Co., 458 US 50, 95 (1982), *Barton v. Barbour*, 104 US 126, 134 (1881), *Rivet v. Regions Bank of La.*, 522 US 470, 475 (1998 ), *Franchise Tax Bd. of Cal.* v. *Construction Laborers Vacation Trust for Southern Cal.,* 463 U. S. 1, 14 (1983)) and *Granfinanciera, SA v. Nordberg*, 492 US 33, 36 (1989) and such pleading on file with this court is incorporated hereto in its entirety by reference.

### Argument & Authority

8.     Pursuant to 11 USC 157(d), the "district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown." 11 USC 157(d). The Supreme Court has ruled that the 7th Amendment right to a jury trial applies in bankruptcy related matters. *Granfinanciera, SA v. Nordberg*, 492 US 33, 36 (1989) "the Seventh Amendment entitles such a person to a trial by jury,

notwithstanding Congress' designation of fraudulent conveyance actions as "core proceedings." The district court may only refer a proceeding "related to" a case under Title 11 to a bankruptcy judge, with the consent of all parties,. 28 U.S.C. § 157(c)(2). However, without the consent of all the parties, "[w]hen a bankruptcy judge determines that a referred "proceeding ... is not a core proceeding but ... is otherwise related to a case under title 11," the judge *may only "submit proposed findings of fact and conclusions of law to the district court*." *Stern v. Marshall*, 131 S. Ct. 2594, 2604 (2011).

9.      The established precedent in the 5th Circuit requires that federal courts address the following subject matter jurisdiction factors be considered in withdrawing the reference when a DEBTOR files a lawsuit:

> [T]he district court must keep one eye cocked toward the decision of the Supreme Court in *Northern Pipeline Constr. v. Marathon Oil Pipe Line Co.,* 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), which is the progenitor of the new bankruptcy court jurisdictional scheme. Whatever the precise teaching of *Marathon*it holds, at a minimum, that **Article I bankruptcy courts may not have original jurisdiction over adversary proceedings that do not intimately involve the debtor-creditor relationship and rest solely in issues of state law**. 458 U.S. at 84, 102 S.Ct. at 2878, 73 L.Ed.2d at 623. The plurality opinion determined that the bankruptcy court as then constituted could not hear a lawsuit instituted by the debtor against Marathon to recover damages for alleged breach of contract and warranty, misrepresentation, coercion and duress, all matters governed by state law. The Bankruptcy Amendments Act has attempted a flexible response to *Marathon,* permitting bankruptcy courts to hear "core" proceedings by blanket reference from the district courts, while authorizing them to function much like magistrates as adjuncts to the district court on matters that are merely "related to" a bankruptcy. *Marathon* provides the outer boundary of original referred jurisdiction of bankruptcy courts, but considerations of judicial economy also bear on the decision to withdraw the reference or refer to bankruptcy court. The district court should consider the goals of promoting uniformity in bankruptcy administration, reducing forum shopping and confusion,

> fostering the economical use of the debtors' and creditors' resources, and expediting the bankruptcy process.
>
> Finally, we note that there is a jury demand in the district court file.

*Holland America Ins. Co. v. Succession of Roy*, 777 F. 2d 992, 998-999 (5th Cir. 1985)(Emphasis added)

10.     Established precedent also make clear that "[f]ederal courts are courts of limited jurisdiction, [since] [t]hey possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 US 375, 377 (1994).

Under Texas law, an action for civil conspiracy has five elements: (1) a combination of two or more persons; (2) the persons seek to accomplish an object or course of action; (3) the persons reach a meeting of the minds on the object or course of action; (4) one or more unlawful, overt acts are taken in pursuance of the object or course of action; and (5) damages occur as a proximate result. *First United Pentecostal Church of Beaumont v. Parker*, 514 S.W.3d 214 (Tex. 2017).

1.     In the instant case, the facts recited in Plaintiff's Petition clearly establish each of the elements necessary to establish a civil conspiracy to violate Texas Penal Code § 32.46 by causing another to sign or execute any document affecting property, causing and/or inducing a public servant to file or record any purported judgment in the County Records of Tarrant county on or about November 7, 2017, as

D217258279, with the sole intent of causing Regina Nachael Howell Foster, and her minor

Children, retaliatory harm in violation of Texas Penal Code § 36.04, as follows:

1) First, here are more than two (2) or more defendants, namely Defendant, Areya Holder,
as an appointed Chapter 7 panel Trustee and Defendant Singer Levick, acting by and
through, defendant Michelle Shiroo and/or Todd Hoodenpyle, as appointed counsel for
the Chapter 7 Panel trustee, as public servants under the purported authority 11 USC 704
and 11 USC 327, did knowingly and maliciously partiscipate along with Carlos Foster
and SAI REED Properties;

2)     Second, in the instant case, upon finding that there was over $1.2 million in income
producing assets sought in the ongoing divorce proceedings , between Carlos Foster under
Tex. Fam. Code 7.009, and only an aggregate total of "$173,544.91[4] in separate and
community claims ( $150,000 of the 11 proofs of claim in the aggregate sworn to by Areya
Holder[5] were listed as separate debt incurred before marriage[6]), as sworn to by Areya
Holder, the Chapter 7 bankruptcy trustee, appointed under 11 U.S.C. § 704, and
compensated under 11 USC 326, in an affidavit filed on January 6, 2014 in the bankruptcy
proceeding, the trustee and her counsel began to conspire to wrongfully interfere with the
Divorce Proceeding, because in an affidavit prepared by counsel for Areya Holder,

---

[4] The Court is asked to take judicial notice of Document 97 in re Regina Nachael Howell Foster, and numbered 12-43804-RFN- 7,Affidavit of Areya Holder. on file with this court as Exhibit D to the Supplemental State Court Lawsuit Petition and incorporated by reference

[5] Id.

[6] The Court is asked to take judicial notice of Document 31 in re Regina Nachael Howell Foster, and numbered 12-43804-RFN- 7, the Debtor's Amended Schedules, Schedule E, on file with this court as Exhibit A to the Supplemental State Court Lawsuit Petition and incorporated by reference, Page 16 of 27

judicially admitted that the $1.0 in income producing property was under the sole management and control of the debtor's non-filing spouse, Carlos Foster[7], so that in their own words the would be not be *"left with nothing[8]"* Michelle Shiro, attorney for the Chapter 7 Bankruptcy Trustee/Intervener, argued in the at the second bankruptcy case hearing,[9] that the Trustee as Intervenor, in the divorce proceeding, would need assistance from the Bankruptcy Court in conspiring to commit fraud upon the state divorce court as follows:

> "[W]e are worried that the state court might say, we don't know who Areya Holder is. We don't know who this trustee is…[a]nd *then we could be left with nothing[10]*…[and]there is this *sole managed community argument* as well."[11] (Emphasis Added.)

3) Third, the Defendant, Areya Holder, as an appointed Chapter 7 panel Trustee and Defendant Singer Levick, acting by and through, defendant Michelle Shiroo and/or Todd Hoodenpyle, and Carlos Foster reached a meeting of the minds on the object or course of action that the trustee, by and through her counsel would intervene as the "real party in interest" instead of as representative of the creditors, filed a Motion to Intervene[12] as the "real Party in interest and expressly misled the State

---

[7] The Court is asked to take judicial notice of the Affidavit of Carlos Foster on file with this Court as DKT 98.

[8] Certified Transcript off the January 8, 2014 Hearing in re Regina Nachael Howell Foster, and numbered 12-43804-RFN- 7, on file with this court as Exhibit F to the Supplemental Stae Court Lawsuit Petitionand incorporated by reference PAGE 17-21

[9] The Court is asked to take judicial notice of the Certified Transcript off the January 8, 2014 Hearing in re Regina Nachael Howell Foster, and numbered 12-43804-RFN- 7. See also Exhibit F, First Supplemental Petition.

[10] Id. Page 17, line 8-9.

[11] Id. Page 21 lines 12-14.

[12] The Court is asked to take Judicial Notice of Exhibit G, First Supplemental Petition, *Certified copy of* June 16, 2014 Motion to Intervene in *Foster* v. *Foster, et al & In the Interest of the Foster Children,* Cause No.: 322-518571-12 June 16, 2014 Motion to Intervene, Page 2, Paragraph 7. DKT 1

Divorce Court into believe that federal bankruptcy law gave Areya Holder STANDING to bring a lawsuit against Carlos Foster, simply because he was married to a spouse who had filed for bankruptcy as follows:

> These other claims that are separate property that these other claims that Miss Foster has asserted that her pre bankruptcy petition our claims we could have brought and our bankruptcy trustee interest in the division of the asset and bankruptcy trustees rights under the bankruptcy code to pursue all claims of the petitioner in view of the trustee and interest in this proceeding

> The trustee could bring a severed action against Mr. Foster for the termination of the community property in this case and we actually have done so judge there's an adversary proceeding that the trustee has filed in relation to the bankruptcy case that case is currently pending before the bankruptcy court and we've been in discussion with Mr. Fosters Council on that trying to reach a resolution but that is a claim we could have brought related to this divorce case we actually brought it over there.

> Exhibit 6, page 8, to the Second Supplemental Petition, Certified Transcript of September 4, 2014 hearing on Motion to Strike Intervention in *Foster* v. *Foster, et al & In the Interest of the Foster Children,* Cause No.: 322-518571-12

4) Fourth, more than one unlawful, overt acts were taken in pursuance of the course of action to violate Texas Penal Code § 36.04 by influencing the outcome of the Texas divorce proceeding of Regina Nachael Howell Foster, and in the interest of the minor Foster Children, against Carlos Foster for the just and equitable division of over $1 million dollars of income producing property and child support from community property under the sole management and control of Carlos Foster on the basis of considerations other than those authorized by law because the Defendants did unlawfully file a June 16, 2014 Motion to Intervene in the State Divorce

Court as the Real Party Interest, rather than as Representative of the Creditors[13] holding a

community claim under Tex. Fam. Code 3.202, for which both the debtor and the debtors

non-filing spouse would be liable under the controlling precedent of *Cockerham v.*

*Cockerham,* 527 S.W.2d 162 (Tex.1975) and the general rule under Texas law is

**"'[m]arriage itself does not create joint and several liability'"** *Tedder v. Gardner*

*Aldrich, LLP*, 421 S.W.3d 651, 654-655 (Tex. 2013). Further, finding that Regina

Nachael Howell Foster had urged the State Court for child support from the proceeds of

the monthly rental income received by Carlos Foster pursuant to Tex. Fam. Code

154.062(b)(4)[14], as allowed by In re Nunnally,[15] the Trustee and

her counsel filed a Motion for Status Conference[16] in the State

Divorce court claiming that the bankruptcy court had ordered the

---

[13] *In re Erlewine*, 349 F.3d 205, 211 (5th Cir. 2003).

[14] (a) The court shall calculate net resources for the purpose of determining child support liability as provided by this section.

(b) Resources include:

...
(4) net rental income

Tex. Fam. Code 154.062(b)(4)

[15]

"[I]f the interest is 'designed to function as a wage-substitute at some *future* period and, during that *future* period, to 'support the basic requirements of life for' [the debtor], and removal of the interest would hamper the bankrupt's efforts to make a new start, **the property does not pass to the trustee.**"

*In re Nunnally*, 506 F.2d 1024, 1026 (5th Cir. 1975). (Quoting *Kokoszka v. Belford*, 417 U.S. 648, (1974)) (Emphasis added)

[16] The Court is asked to take Judicial Notice of Exhibit 8, Second Supplemental Petition, the January 11, 2015 Intervenor Areya Holder's Motion for Status Conference Exhibit "1" Order of Abstention ) Areya Holder v. Carlos Foster and adversary number 14-4054, Ordering State Divorce Court to determine whether real property was community property or separate property; Exhibit "2" Areya Holder v. Carlos Foster and 1st Aid Accident Injury & Pain Center, Inc., and adversary numbered 14-4068, Ordering State Divorce Court to determine whether rental income was community property or separate property

State Divorce Court to proceed to Trial just to determine the characterization of the income producing real property and the approximate $7,000.00 in monthly rental income received by Carlos Foster was either separate or community property under Texas law. Although an Order of Discharge was entered on November 15, 2012 an Order of Discharge[17] was entered by the bankruptcy court, terminating the Congressionally mandated automatic stay by operation of law pursuant to 11 USC 362(c)(2)(C),[18] the Intervenor solicited the aid of a bankruptcy judge to issue "Orders" that were in violation of 11 USC 362(c)(2)(C), 11 USC 362(j), and 22 USC 2283 to stay the State Divorce Court from proceeding to trial on the claims raised by Regina Nachael Howell Foster in her Divorce Petition in accordance with Texas Rule of Civil Procedure 301. The Trustee's Motion for Status Conference did cause the State Divorce Court not to proceed to trial pursuant to Tex. Civ. P. 301, prohibited the court from appointing a receiver for the collection of rental income for the payment of child support in accordance with Tex. Fam. Code 154, and prevented a just and equitable division of the over $1.2 million in income producing property between Carlos Foster and Regina Nachael Howell Foster, as illustrated by:

   a. "It seems to me that the bankruptcy judge Has Lifted the stay for basically the determination of the characteristics of the property and the rental income he did order that a receiver could be appointed but I do not see that he authorized this court to appoint a receiver"[19].

---

[17] The Court is asked to take judicial notice of Document 45 in re Regina Nachael Howell Foster, and numbered 12-43804-RFN- 7, November 15, 2012 Order of Discharge. on file with this court as Exhibit C to the First Supplemental Bill of Review and incorporated by reference

[18] 11 U.S.C. 362(c)(2)(C) expressly states that "[T]*he stay... continues until the earliest of*—... under chapter 7.. *the time a discharge is granted"* 11 U.S.C. 362(c)(2)(C). Thus, in this case the Automatic Stay terminated on November 15, 2012, the date that the Order of Discharge was entered.

[19] The Court is asked to take judicial Notice of Exhibit 9, Second Supplemental Petition, the April 16, 2015 letter to counselors from Jerome Hennigan district judge of the 324th judicial district of Texas on file as DKT 1.

b. However as the letters from the Honorable Jerome Hennigan indicate,[20] due to the Trustee's Intervention in the divorce and the Bankruptcy Court Orders, that the Trustee wrongfully caused to be directed at the Texas Divorce Court, to "make a determination" of the characterization of the community property instead of proceeding to a just and equitable division of the community property in accordance with TEX. FAM. CODE 7.001. The Texas state court judge, the Honorable Jerome Hennigan, advised the trustee that under Texas Civil Practice and Remedies Code 301, he had to proceed to trial on the claims stated in the Petition, such as a claim for appointment of a receiver (to preserve the income producing property and to pay the property taxes ass due), reimbursement and child support( from the monthly rental income from the income producing properties, which the trustee claimed all belonged to the bankruptcy estate), which he could not do as long as the bankruptcy court enjoined him from proceeding in accordance with TEX. FAM. Code 7.001.

c. Although notice was actually sent to the Trustee's Counsel, Todd Hoodenpyle[21], at his valid email address, which Ordered all the parties to appear at a February 28, 2017, which read as follows:

> The court ORDERS all parties to appear at a pretrial conference on February 28, 2017 at 9:00 am in the courtroom of the 233rd District Court.
>
> This conference will be conducted to define the limited issues in this case pursuant to a limited lift to the stay imposed on the court by Title 11 U.S.C. 362. This proceeding is conducted and limited to the Order of Abstention under of the United States Bankruptcy Court directed to the State District Court that authorizes the court determine the characterization of certain property, the management of the property and a just and right division of that property.

---

[20] See BKT DKT 531 Exhibit P & Exhibit Q

[21] The Court is asked to take Judicial Notice of Exhibit 1 to the Second Supplemental Petition, affidavit of attorney Jennifer Clayton with Todd Hoodenpyle regarding Sua Sponte Order entered by the State Divorce Court and the certified copy of the Order for Pre-trial Conference, signed February 13, 2017, is attached and incorporated in its entirety to the certified copy of the email from Leslie Young, which is attached as Exhibit 2 to the Second Supplemental Petition on file as DKT 1

Order for Pre-trial Conference[22]

Also, although the Trustee claimed to be the Real Party in interests in her Motion to Intervene and was duly noticed to appear and explain how the court could proceed to a jury trial based on the Orders from the bankruptcy judge, as opposed to in accordance with Tex. Fam. Code 7.009 and Tex. R. Civ. P. 301, the State Divorce Court, the Presiding judge of the 233 Tarrant County District Court, Bill Harris, expressly found the following:

> On February 28, 2017 at 9:00 a.m. the above referenced cause was called for hearing on the Court's Order for Pretrial Conference.
>
> ***No appearance having been made by any party seeking affirmative relief***, IT IS THEREFORE ORDERED that the above entitled and numbered cause is dismissed in all things for lack of prosecution[23].

February 28, 2017 Order of Dismissal (Emphasis added)

After the State Divorce Court dismissed the divorce proceeding, in order to further their civil conspiracy to subvert the laws of the state of Texas, prevent a just and equitable division of property or a claim for reimbursement, and get there hands on the additional $1.2 million[24] in community property, under the debtor's non-filing spouses sole

---

[22] Exhibit 2 to the Second Supplemental Petition on file as DKT 1

[23] A certified copy of the Order of Dismissal , complained of in connection with the mater styled Foster v. Foster and in the interest of T. Foster, T. Foster and T. Foster, minor children and numbered 322-518571-12 is attached and incorporated hereto in its entirety as Exhibit 7 Second Supplemental Petition

[24] The Court is asked to take judicial notice of Document DKT 394 in the matter styled re Regina Nachael Howell Foster, and numbered 12-43804-RFN- 7, the Trustee Interim Report February 6, 2017, which lists over $1.2 million in property in column 2 and $24,093.06 in cash in column 5,as funds received by the estate, on page 3 of 3 [49] Transcript of September 12, 2017 hearing on file In re Foster, Case No. 12-43804-rfn7 DKT # 530, Page 83

management and control,[25] when the chapter 7 trustee already had over $24,000.00[49] in

cash to satisfy the allowed community claims,[26] the trustee convinced the bankruptcy

court to act even more corruptly[27]

### There was only $18,748.07 in Community Debt Presented as Evidence

As part of the conspiracy to subvert the laws of Texas, during a June 13, 2017 "trial" in

adversary proceeding to determine the extent the property under the Debtor's non-filing

spouse sole management and control[28] would be liable under Texas law,  and become

under the bankruptcy court's subject matter jurisdiction, under 11 USC 541(a)(2)(B),

Todd Hoodenpyle, the attorney for the "general representative of the creditors,"[29] asked

to admit four (4) proofs of claims[30] to determine the extent of liability, if any, under 11

USC 541(a)(2)(B).  The claims admitted into evidence were:

---

[25] The Court is asked to take judicial notice of the Affidavit of Carlos Foster, the debtor's non-filing spouse, prepared and submitted by Singer & Levick, as counsel of record for Areya holder, as Trustee in in re Regina Nachael Howell Foster, and numbered 12-43804-RFN- 7, DKT 98

[26] The Court is asked to take judicial notice of The Trustee's Final Report on file as DKT 497 in the matter styled re Regina Nachael Howell Foster, and numbered 12-43804-RFN- 7 page 20-21 of 22

[27] In *Sparks* v. *Duval County Ranch Co.,* 604 F. 2d 976 (1979), the 5th Circuit ruled that there was "no sound policy supports conferring any such immunity on private persons who persuade a judge to exercise his jurisdiction corruptly". 604 F. 2d at 980. As the 5th Circuit has held that while a judge's "actions may have been 'judicial in nature,' [a judge] is not entitled to immunity for those actions if her actions were 'taken in the complete absence of all jurisdiction.'" *Ballard v. Wall*, 413 F. 3d 510, 517 (5th Cir. 2005)(Quoting *Mireles v. Waco*, 502 U.S. 12 (1991)). The doctrine of derived immunity was abolished in the 5th Circuit in *Sparks v. Duval County Ranch Co.,* 604 F.2d 976 (5th Cir. 1979)(en banc)(abolishing doctrine of derivative immunity for private persons who conspire with immune state officials), *cert. denied* 449 U.S. 943 (Mar. 24, 1980), and *aff'd*, 449 U.S. 24 (Nov. 17, 1980). The 5th Circuit has expressly held that "*ultra vires* actions—actions that fall outside the scope of their duties as trustees—are not entitled to immunity." *MATTER OF ONDOVA LTD. CO ,* 914 F. 3d 990, 993 (5th Cir. 2019). (emphasis added).

[28] Exhibit E, First Supplemental bill of Review, incorporated by reference in its entirety. The Court is asked to take judicial notice of Document 98 in re Regina Nachael Howell Foster, and numbered 12-43804-RFN- 7, Affidavit of Carlos Foster, Exhibit E which was prepared and filed in the court by Singer Levick, counsel for the trustee,

[29] *In re Erlewine*, 349 F.3d 205, 211 (5th Cir. 2003)

[30] The Court is asked to take judicial notice of the June 13, 2017 transcript of the purported adversary  trial the Doc. #64 in 14-4054 and Doc. #32 in 14-4068 page 8. See also Transcript of September 12, 2017 hearing on file In re Foster, Case No. 12-43804rfn7 DKT # 530, Page 76 (The trustee admits under cross examination "Looking

I.   A claim for the separate non-dischargeable student loan debt of the debtor, which was incurred before marriage in the amount of $11,000.00 (claim 11)

II.  A claim for ad valorem property taxes for the property located at 3325 Stoneway, in the amount of $2,022.66[31] (Claim No. 6-2)

III. A claim for an apartment lease in the amount of $2,343.89[32] (Claim 4)

IV.  A claim for joint delinquent IRS income taxes for 2009 and 2010 income in the amount of $14, 381.52[33] (Claim No. 3[34])

5) The 5th element of the civil conspiracy was met when the trustee filed and recorded a

Constitutionally VOID judgment[35],  in the County Records of Tarrant county on or about

November 7, 2017, as D217258279, with the sole intent of causing Regina Nachael

Howell Foster, and her minor Children, retaliatory harm in violation of Texas Penal Code

§ 36.04 and for the sole purpose of violating Regina Nachael Howell Foster Rights under

Art. I Sec. 19 and Art. I Sec 13 of the Texas Constitution in order to violation to violate

Texas Penal Code § 36.04 by influencing the outcome of the Texas divorce proceeding of

Regina Nachael Howell Foster, and in the interest of the minor Foster Children, against

Carlos Foster for the just and equitable division of over $1 million dollars of income

producing property and child support from community property under the sole

management and control of Carlos Foster on the basis of considerations other than those

authorized by law.

---

at the claims registry, I think you've got about $20,000 roughly in claims listed." Attached and incorporated in entirety to the Debtor's Motion to Reconsider as Exhibit 1 and incorporated hereto by reference

[10] The June 13, 2017 transcript of the purported adversary trial the Doc. #64 in 14-4054 and Doc. #32 in 14-4068. Page 46

[32] Id. Page 49

[33] Id Page 56

[34] The IRS withdrew its claim on August 9, 2017 by filing an Amended Claim in the Amount of $0.00. The Court is asked to take Judicial Notice of the Claims Registry in the above styled and numbered order

[35] As explained in detail below the purported judgment was obtained in violation of Texas Penal Code 32.46 and in violation of the bankruptcy courts limited subject matter jurisdiction under 28 USC 158(b) and 11 USC 541(a)(2)(B).

In the instant case, the Plaintiff has expressly timely demanded her right to a jury trial of her pure state law causes of action against the Defendants for ultra vires acts and civil conspiracy personal injury tort, which was untimely removed, directly to the bankruptcy court, although the matter is not a core proceeding under 11 USC 157(b). Under Texas law, "the jury ma[kes] affirmative findings on each element necessary to establish a civil conspiracy." *Tri v. JTT*, 162 SW 3d 552, 561 (Tex. 2005). According to the US Supreme Court "there is no reason why such interests should be analyzed differently simply because an interested party is involved in a bankruptcy proceeding." *Butner v. United States*, 440 US 48, 55 (1979). The Texas Constitution contains two provisions which guarantee the right to trial by jury (at least in district courts). *Taylor v. Taylor*, 63 S.W.3d 93, 99 (Tex. App. -- Waco 2001, no pet.) provides this explanation:

> Article I, section 15 is a part of our Bill of Rights. See TEX. CONST. art. I, § 15. It provides in pertinent part:
>
> *The right of trial by jury shall remain inviolate. The Legislature shall pass such laws as may be needed to regulate the same, and to maintain its purity and efficiency.*
>
> TEX. CONST. art. I, § 15. Article I, section 15 guarantees the right of trial by jury for those causes of action or analogous causes of action for which a jury trial was available when the 1876 Constitution was adopted. A brief review of prior decisions reflects that a jury trial could be had for divorce cases before the 1876 Constitution was adopted. Accordingly, a party to a divorce proceeding has a constitutional right to a jury trial under article I, section 15.
>
> Article V of the Texas Constitution governs the judiciary. See TEX. CONST. art. V. Section 10 provides:
>
> *In the trial of all causes in the District Courts, the plaintiff or defendant shall, upon application made in open court, have the right of trial by jury; but no jury shall be empaneled in any civil case unless demanded by a party to the case, and a jury fee be paid by the party demanding a jury, for such sum, and with such exceptions as may be prescribed by the Legislature.*
>
> Our Supreme Court has defined the term "cause" to include "any legal process which a party institutes to obtain his demand or by which he seeks his right." Because a divorce proceeding involves disputes over property rights and frequently the custody and support of children, we hold that it is

a "cause" for which a party has a constitutional right to a jury trial under article V, section 10.

*Taylor v. Taylor*, 63 S.W.3d 93, 99 (Tex. App. – Waco 2001, no pet.) (citing *State v. Credit Bureau of Laredo, Inc.*, 530 S.W.2d 288 (Tex. 1975). **See also** *Southwestern Bell Tel. Co. v. Public Utility Com'n*, 571 S.W.2d 503 (Tex. 1978).

11.   .As the 5th Circuit has explained:

> bankruptcy judges may exercise full judicial power over only those controversies that implicate the peculiar rights and powers of bankruptcy or, in Justice Brennan's words, controversies "at the core of the federal bankruptcy power". Second, controversies that do not depend on the bankruptcy laws for their existence — suits that could proceed in another court even in the absence of bankruptcy — are not core proceedings.

> ***Matter of Wood*, 825 F. 2d 90, 96 (5th Cir. 1987)**

12.   Further, the US Supreme Court Has expressly ruled thar "a case may not be removed to federal court on the basis of a federal defense, . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." ***Rivet v. Regions Bank of La.*, 522 US 470, 475 (1998 )(citing *Franchise Tax Bd. of Cal.* v. *Construction Laborers Vacation Trust for Southern Cal.*, 463 U. S. 1, 14 (1983)). "'As the party asserting federal jurisdiction," Defendants have "the burden of demonstrating that jurisdiction is proper.'" *Brumfield v. Louisiana State Bd. of Educ.*, 806 F.3d 289 (5th Cir. 2015). (quoting *Stockman v. FEC*, 138 F.3d 144, 151 (5th Cir. 1998**

13.   A "fair trial in a fair tribunal is a basic requirement of due process." *In re Murchison.*, 349 US 133, 136 (1955). The US Supreme Court has held that the Due Process Clause of the United States Constitution requires 'that our Government must proceed according to the 'law of the land'—that is, according to written constitutional and statutory provisions.'" *Turner v. Rogers*, 131 S. Ct. 2507, 2521 (2011).(Citations omitted). Congress "**says in a statute what it means and**

means in a statute what it says there," *Connecticut Nat. Bank* v. *Germain,* 503 U. S. 249, 254 (1992). Congress simply has not given a bankruptcy court the right to deny the Plaintiff's fundamental right to a jury trial on her pure state law claims because the bankruptcy judge erroneously disagrees or failed to consider that a court may not shift the burden to intervene on a party that is not in privity with either the trustee nor the debtor's non-filing spouse, as the US Supreme Court has held:

> The **law does not impose upon any person absolutely entitled to a hearing the burden of voluntary intervention in a suit to which he is a stranger**. . . . Unless duly summoned to appear in a legal proceeding, a person not a privy may rest assured that a judgment recovered therein will not affect his legal rights.
>
> *Martin v. Wilks*, **490 US 755, 763 (1989) (Quoting *Chase National Bank v. Norwalk*, 291 U. S. 431, 441 (1934)**(Emphasis added).

In the instant case, the federal bankruptcy court simply cannot assume subject matter jurisdiction of the Plaintiff's pure state law claims for civil conspiracy personal injury tort and ultra vires acts based on the Defendants assertion of the preclusive effects of a prior adversary between the trustee and the trustee non-bankruptcy filing spouse because **"a judgment or decree cannot bind strangers to the litigation."** *US v. State of Texas*, **158 F.3d 299, 305 (5th Cir. 1998).**

More than seven (7) years have passed since the November 15, 2012 order of discharge terminated the automatic stay pursuant to 11 USC 362(c)(2)(C). It is mandatory under 11 USC 362(j) that a bankruptcy court acknowledge that the automatic stay terminates by operation of law on the date an order of discharge is enter pursuant to 11 USC 362(c)(2)(C). The Defendants cannot attempt to circumvent 28 USC Section 2283 and have a federal bankruptcy court untimely assume jurisdiction of a non-core pure state law personal injury tort for civil conspiracy and ultra vires acts based on a purported federal affirmative defense. As, the US Supreme Court

has expressly held the **"defense of claim preclusion, we emphasize, is properly made in the state proceeding, subject to this Court's ultimate review."** *Rivet v. Regions Bank of La,* **522 US 470, 472 (1998).**

In other words, **"federal preemption is a defensive issue that does not authorize removal of a case to federal court"** *Willy v. Coastal Corp.*, 855 F.2d 1160, 1166 (5th Cir. 1988). The 5th Circuit went on to explain that "'that the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction.'" *Willy v. Coastal Corp.*, 855 F.2d 1160, 1168 (5th Cir. 1988). (quoting *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 US 804, 813 (1986). "The presence or absence of federal-question jurisdiction is governed by the `well-pleaded complaint rule' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987) (citation omitted).

under the *Robertson*[36] holding the extent of a bankruptcy court's subject matter jurisdiction pursuant to 11 USC 541(a)(2)(B), if any, over community property under the sole management and control of the non-bankruptcy filing spouse is limited to the extent such property is liable for a prepetition community claim under state law. As the Supreme Court has held, "there is no reason why such interests should be analyzed differently simply because an interested party is involved in a bankruptcy proceeding." *Butner v. United States*, 440 US 48, 55 (1979). The logic of Butner explains why the U.S. Supreme Court has expressly held that **"if, by mistake or wrongfully, the [trustee] takes possession of property belonging to another, such person**

---

[36] *In re Robertson*, 203 F. 3d 855, 859 (5th 2000)

**may bring suit therefor against him personally as *a matter of right*; for in such case the [trustee] would be acting ultra vires"**. *Barton v. Barbour*, 104 US 126, 134 (1881). (Emphasis added). The private right to recover property wrongfully taken is not a core proceeding that a non-article III court would have constitutional subject matter to adjudicate.

As the US Supreme Court has long explained:

> A distinction must be here observed between excess of jurisdiction and the clear absence of all jurisdiction over the subject-matter. Where there is clearly no jurisdiction over the subject-matter any authority exercised is a usurped authority, and for the exercise of such authority, when the want of jurisdiction is known to the judge, no excuse is permissible
>
> *Bradley v. Fisher*, 80 US 335, 351-352 (1872)

As the US Supreme Court has clearly established **"[j]urisdiction of the lower federal courts is further limited to those subjects encompassed within a statutory grant of jurisdiction"** *Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee* 456 U.S. 694, 701 (1982). The subject matter jurisdiction of a bankruptcy court is limited to **"the restructuring of debtor-creditor relations . . .[is] the core of bankruptcy power."** *Northern Pipeline Constr. Co. v. Marathon Pipe Line* Co., 458 US 50, 95 (1982). the Supreme Court has expressly held, "whatever equitable powers remain in the bankruptcy courts must and can only be exercised within the confines of' the Bankruptcy Code.' " *Law v. Siegel*, 134 S. Ct. 1188, 1194, 571 U.S., 188 L. Ed. 2d 146 (2014). The statutory subject matter jurisdiction of the bankruptcy court cannot be "expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 US 375, 377 (1994)).

In the instant case, Plaintiff anticipated that Defendants would claim collateral estoppel, res judicata, claim preclusion, and immunity as affirmative defenses against the Plaintiff's pure state

law claims for ultra vires and civil conspiracy claims. Under the controlling precedent of *Rivet v. Regions Bank of La, the US Supreme Court held that* "defense of claim preclusion, we emphasize, is properly made in the state proceeding, subject to this Court's ultimate review." 522 US 470, 472 (1998). In *Rivet v. Regions Bank of La,* the Supreme Court found that the defendants' removal of a state court action based on the alleged preclusion of a prior federal bankruptcy was improper for lack of federal subject matter jurisdiction. Like the defendants in *Rivet v. Regions Bank of La,* the instant defendants claim that the prior bankruptcy court order provide preclusion to the Plaintiff's pure state law claims for filing fraudulent documents in Texas state court and Texas state county records in violation of Texas Civil Practices and Remedies Code 10 & 12, for conspiracy to violate Texas Penal Code § 36.04[37], for conspiracy to violate Texas Penal Code §32.46[38], for knowingly conspire to commit an offense under Texas

---

[37] Under Texas law:

(a) A person commits an offense if he privately addresses a representation, entreaty, argument, or other communication to any public servant who exercises or will exercise official discretion in an adjudicatory proceeding with an intent to influence the outcome of the proceeding on the basis of considerations other than those authorized by law.

(b) For purposes of this section, "adjudicatory proceeding" means any proceeding before a court or any other agency of government in which the legal rights, powers, duties, or privileges of specified parties are determined." Texas Penal Code § 36.04

[38] Under Texas law:

(a) A person commits an offense if, with intent to defraud or harm any person, he, by deception:

(1) causes another to sign or execute any document affecting property or service or the pecuniary interest of any person; or

(2) causes or induces a public servant to file or record any purported judgment or other document purporting to memorialize or evidence an act, an order, a directive, or process of:

(A) a purported court that is not expressly created or established under the constitution or the laws of this state or of the United States;

Penal Code Sec. 39.02(a)[39], and for quite title against Defendant SAI REED PROPERTIES INC, as a straw purchaser for Defendant Carlos Foster as part of the civil conspiracy personal injury tort.

---

(B) a purported judicial entity that is not expressly created or established under the constitution or laws of this state or of the United States; or

(C) a purported judicial officer of a purported court or purported judicial entity described by Paragraph (A) or (B).

(b) An offense under Subsection (a)(1) is a:

(1) Class C misdemeanor if the value of the property, service, or pecuniary interest is less than $100;

(2) Class B misdemeanor if the value of the property, service, or pecuniary interest is $100 or more but less than $750;

(3) Class A misdemeanor if the value of the property, service, or pecuniary interest is $750 or more but less than $2,500;

(4) state jail felony if the value of the property, service, or pecuniary interest is $2,500 or more but less than $30,000;

(5) felony of the third degree if the value of the property, service, or pecuniary interest is $30,000 or more but less than $150,000;

(6) felony of the second degree if the value of the property, service, or pecuniary interest is $150,000 or more but less than $300,000; or

(7) felony of the first degree if the value of the property, service, or pecuniary interest is $300,000 or more.

(c) An offense under Subsection (a)(2) is a state jail felony.

[39] Sec. 39.02. ABUSE OF OFFICIAL CAPACITY." (a) A public servant commits an offense if, with intent to obtain a benefit or with intent to harm or defraud another, he intentionally or knowingly:

(1) violates a law relating to the public servant's office or employment; or

(2) misuses government property, services, personnel, or any other thing of value belonging to the government that has come into the public servant's custody or possession by virtue of the public servant's office or employment. "Tex. Penal Code Sec. 39.02(a)

22.    In the instant case, the honorable Bankruptcy Judge Russel Nelms actually concedes that

the bankruptcy court had no subject matter jurisdiction under 11 USC 541(a)(2) over the real

property under the debtor's non filing spouse's sole management and control beyond the $4,000

in community debt, as follows:

> I actually agree with your interpretation of Section 541(a)(2). But
> to the extent that you wanted to raise this argument, you long ago
> waived that right to do so. It is not appropriate in the context of a
> case like this to have the Trustee administer this estate for two and
> a half years based upon the assumption that these are assets of the
> estate and to pursue them on behalf of the estate for the benefit of
> the estate, and not just for the benefit of creditors, but to the extent
> that equity was left over, to pursue them for the benefit of Ms.
> Foster herself as against her husband, and then, when it's all said
> and done, at the very end of the case, to say the universe of claims
> today is $4,000 and therefore that's all the Trustee gets.

Transcript of September 12, 2017 hearing on file In re Foster, Case No. 12-43804-
rfn7 DKT # 530, Page 134-135

.

WHEREFORE ALL PREMISES CONSIDERED, Plaintiff prays that this Motion to Withdraw

the Reference be granted by submission, that this matter be withdrawn from the bankruptcy court

for lack of subject matter jurisdiction and such further, other, and or additional relief for which

she may show herself entitled.

Respectfully submitted by:

Regina Nachael Howell Foster
Pro Se Debtor
3325 Stoneway Dr. Grand Prairie, TX 75052
817-217-3933
Rnachael@gmail.com

CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument was served in accordance with the Federal rules of civil procedure on all counsel of record this 29th day of January 2020.

**Todd A. Hoodenpyle**
**levick@singerlevick.com**
**Michelle E. Shriro**
**mshriro@singerlevick.com**
**SINGER & LEVICK, P.C.**
**16200 Addison Road, Suite 140**
**Addison, Texas 75001**

Carlos Foster
207 Autumnwood Drive,
Mansfield TX 76063

SAI REED PROPERTIES INC,
Attn: registered agent RUBY CHHETRI
3732 EDGEWOOD CT
GRAND PRAIRIE, TX 75052.

Regina Nachael Howell Foster  Pro Se Plaintiff