IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FT. WORTH DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| REGINA NACHAEL HOWELL FOSTER | § | CASE NO. 12-43804-RFN-7 |
| | § | Chapter 7 |
| Debtor. | § | |

FILED

| | | |
|---|---|---|
| REGINA NACHAEL HOWELL FOSTER, | § | MAR 0 2 2020 |
| | § | |
| Plaintiff, | § | CLERK, U.S. BANKRUPTCY COURT |
| | § | NORTHERN DISTRICT OF TEXAS |
| | § | |
| v. | § ADV. NO. 19-04131-elm | |
| | § | |
| AREYA HOLDER, et al., | § Removed from the 153rd Judicial | |
| | § District Court for Tarrant County | |
| | § Cause No. 153-313162-19 | |
| | § | |
| Defendants. | § | |

**SUREPLY TO CERTAIN DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE
MOTION TO STRIKE PLAINTIFF'S JURY DEMAND**

TO THE HONORABLE UNITED STATES BANKRUPTCY COURT:

NOW COMES Regina Nachael Howell Foster, plaintiff in the above-styled and number adversary proceeding and files this Sureply to Defendant's Reply to Plainitiff's Objection to Certain Defendants' Motion To Strike Plaintiff's Jury Demand [Dkt 39] and in support would respectfully show:

## I.     RELEVANT FACTS

1.      On November 7, 2019 Plaintiff, Regina Nachael Howell Foster, filed a personal injury

tort lawsuit styled Regina Nachael Howell Foster v. Areya Holder, Cause No. 153-313162-19 in

the 153rd Judicial District Court of Tarrant County, Texas, alleging that a civil conspiracy,

violations of Tex. Civ. Prac. Rem. Code 10, and violations of Tex. Civ. Prac. Rem. Code 12.

("State Court Petition"). The State Court Petition contained a jury demand pursuant to TEX.

CONST. art. I, § 15 and TEX. CONST. art. V. Section 10. See DKT #1

2. On December 17, 2019, thirty-two (32) days after service of citation, each of the respective defendant(s) in the state court act refenced above, filed a joint Notice of Removal [DKT 1].

3. On or about December 24, 2019 Plaintiff filed a timely request for a jury trial in the above-styled and numbered cause, and such pleading on file with this court is incorporated hereto in its entirety by reference.

4. On or about December 24, 2019 Plaintiff filed a timely notice of non-consent to a bench trial by the bankruptcy judge the above-styled and numbered cause, and such pleading on file with this court is incorporated hereto in its entirety by reference.

5. On or about December 24, 2019 Plaintiff filed a timely motion for remand objecting to the removal of this matter from state court on the thirty-second (32nd) day from the date of service, and such pleading on file with this court is incorporated hereto in its entirety by reference.

6. On or about December 24, 2019 Plaintiff filed a timely motion for remand for lack of original subject matter jurisdiction for lack of subject matter jurisdiction under the controlling precedent of *Northern Pipeline Constr. Co. v. Marathon Pipe Line* Co., 458 US 50, 95 (1982), *Barton v. Barbour*, 104 US 126, 134 (1881), *Rivet v. Regions Bank of La.*, 522 US 470, 475 (1998), *Franchise Tax Bd. of Cal.* v. *Construction Laborers Vacation Trust for Southern Cal.*, 463 U. S. 1, 14 (1983)) and *Granfinanciera, SA v. Nordberg*, 492 US 33, 36 (1989) and such pleading on file with this court is incorporated hereto in its entirety by reference.

7. On February 5, 2020, Defendants filed their Certain Defendants' Motion to Strike Plaintiff's Jury Demand (**"Motion to Strike"**). Dkt.32.

8.      On February 7, 2020, Plaintiff filed her Objection to Certain Defendants' Motion to Strike Plaintiff's Jury Demand ("**Objection**"). Dkt.34.

9.      On February 26, 2020, Defendants filed their Reply to Plaintiff's Objection to Certain Defendants' Motion to Strike Plaintiff's Jury Demand alleging that Texas law does not recognize a cause of action for civil conspiracy.

## II. Argument and Authority

10.     Under Texas law, an action for civil conspiracy has five elements: (1) a combination of two or more persons; (2) the persons seek to accomplish an object or course of action; (3) the persons reach a meeting of the minds on the object or course of action; (4) one or more unlawful, overt acts are taken in pursuance of the object or course of action; and (5) damages occur as a proximate result. *First United Pentecostal Church of Beaumont v. Parker*, 514 S.W.3d 214 (Tex. 2017). Under Texas law, "the jury ma[kes] affirmative findings on each element necessary to establish a civil conspiracy." *Tri v. JTT*, 162 SW 3d 552, 561 (Tex. 2005). The rulings of the "State's highest court with respect to state law are binding on the federal courts.[1]" As the Supreme Court has held, "there is no reason why such interests should be analyzed differently simply because an interested party is involved in a bankruptcy proceeding." *Butner v. United States*, 440 US 48, 55 (1979).

11.     The duties imposed on the federal bankruptcy trustee under 11 U.S.C. 704 only authorizes the trustee to "collect and reduce to money the property of the estate" 11 U.S.C. 704(a)(1). Where the bankruptcy trustee acts outside the scope of her authority granted by the bankruptcy court such acts constitute "the clear absence of all [her] jurisdiction" *Clements v. Barnes*, 834 SW 2d 45 , 46 (Tex. 1992) (Quoting *Mullis v. United States Bankr.Ct*, 828 F.2d

---

[1] *Wainwright v. Goode*, 464 U.S. 78, 84, 104 S.Ct. 378, 78 L.Ed.2d 187 (1983)

1385, 1390 (9th Cir.1987), *cert. denied,* 486 U.S. 1040, 108 S.Ct. 2031, 100 L.Ed.2d 616 (1988)). The US Supreme Court has recognized a private right to sue a trustee by expressly holding that "if, by mistake or wrongfully, **the [trustee] takes possession of property belonging to another, such person may bring suit therefor against him personally as a matter of right**; for in such case the [trustee] would be acting ultra vires". *Barton v. Barbour,* 104 US 126, 134 (1881) (Emphasis added). The 5th Circuit has expressly held that "*ultra vires* **actions—actions that fall outside the scope of their duties as trustees—are not entitled to immunity.**" *MATTER OF ONDOVA LTD. CO.,* 914 F. 3d 990, 993 (5th Cir. 2019). (emphasis added). "

12.    In *Northern Pipeline Constr. Co. v. Marathon Pipe Line Co.,* 458 US 50,  (1982 ), Northern Pipeline filed a suit against Marathon Pipe Line Co seeking "damages for alleged breaches of contract and warranty, as well as for alleged misrepresentation, coercion, and duress" 458 US at 56. The Supreme Court held that non-Article III courts do not have subject matter jurisdiction to adjudicate ""the liability of one individual to another under the law as defined is a matter of private rights."'" Northern Pipeline Constr. Co. v. Marathon Pipe Line Co., 458 US 50, 69-70(1982). Thus in light of the clear holdings of *Barton* and *Northern Pipeline,* the Plaintiff's claims to hold the defendants liable for committing ultra vires acts constituting a civil conspiracy is a private right.

13.    A chapter 7 trustee is not immune from liability when such trustee acts in clear absence of jurisdiction and fails to faithfully perform the duties imposed by 11 USC sec. 704. See *In re Schooler,* 725 F. 3d 498, 500 (5th Cir. 2013) ("**A trustee may be liable personally, or he or she may be liable on the bond.**" ). The 5th Circuit has recognized a Chapter 7 trustee is the "general representative of the creditors." *In re Erlewine,* 349 F.3d 205, 211 (5th Cir. 2003). "[I]mmunity

would not have covered a conspiracy by defense counsel and other state officials to secure the

defendant's conviction." *Tower v. Glover,* 467 US 914, 922 (1984). In *Sparks* v. *Duval County*

*Ranch Co.,* 604 F. 2d 976 (1979), the 5th Circuit ruled that there was "no sound policy supports

conferring any such immunity on private persons who persuade a judge to exercise his

jurisdiction corruptly". 604 F. 2d at 980 The Supreme Court has clearly held that "[T]he judges

of the bankruptcy courts are vested with all of the 'powers of a court of equity, law, and

admiralty," except that they 'may not enjoin another court or punish a criminal contempt not

committed in the presence of the judge of the court or warranting a punishment of

imprisonment.'

14.     The court is reminded that the rulings of the "State's highest court with respect to state

law are binding on the federal courts.[2]" Under Texas law, "[m]arriage itself does not create joint

and several liability." *Tedder v. Gardner Aldrich*, LLP, 421 SW 3d 651, 655 Tex. 2013)(Citation

omitted). The Texas Supreme Court has expressly held that "one spouse is not liable for the other's

debt unless the other incurred it as the one's agent or the one failed to support the other and the

debt is for necessaries." *Id.* The Supreme court has expressly that the trustee is not to have "*carte*

*blanche* to ignore nonbankruptcy law." *Midlantic Nat. Bank v. New Jersey Dept. of Environmental*

*Protection,* 474 U.S. 494, 503 106 S. Ct. 755, 88 L. Ed. 2d 859 (1986). Under the controlling 5th

circuit opinion in *Robertson,*[3] the extent of a bankruptcy court's subject matter jurisdiction

pursuant to 11 USC 541(a)(2)(B), if any, over community property under the sole management

---

[2] *Wainwright v. Goode,* 464 U.S. 78, 84, 104 S.Ct. 378, 78 L.Ed.2d 187 (1983)
[3] *In re Robertson*, 203 F. 3d 855, 859 (5th 2000)

and control of the non-bankruptcy filing spouse, is limited to the extent such property is liable for a prepetition community claim under state law.

15.     In *Granfinanciera, SA v. Nordberg, the Supreme Court expressly held that the* "the Seventh Amendment entitles such a person to a trial by jury, notwithstanding Congress' designation of fraudulent conveyance actions as "core proceedings." *Granfinanciera, SA v. Nordberg*, 492 US 33, 36 (1989). As the 5th Circuit has expressly observed" whatever the precise teaching of *Marathon,* it holds, at a minimum, that **Article I bankruptcy courts may not have original jurisdiction over adversary proceedings that do not intimately involve the debtor-creditor relationship and rest solely in issues of state law.** " *Holland America Ins. Co. v. Succession of Roy*, 777 F. 2d 992, 998-999 (5th Cir. 1985)(Emphasis added) (Citing *Northern Pipeline Constr. Co. v. Marathon Pipe Line Co.*, 458 U.S. at 84, 102 S.Ct. at 2878, 73 L.Ed.2d at 623.

16.     The 5th Circuit has held that courts have a duty to police the chapter 7 trustees because "[e]xcessive professional fees or fees charged for mediocre or, worse, phantom work also cause the estate and the creditors to suffer." *In the Matter of Frazin* 732 F.3d 313, 320-321 (5th Circuit 2013). See also 18 U.S. Code § 3057[4] According to the January 6, 2014 Affidavit of Areya Holder, the aggregate total of prepetition community and separate claims filed in the bankruptcy were "$173,544.91[5]" According to the transcript from the June 13, 2017 Adversary Proceeding,[6]

---

[4] **"Any judge, receiver, or trustee having reasonable grounds for believing that any violation under chapter 9 of this title or other laws of the United States relating to insolvent debtors, receiverships or reorganization plans has been committed,** or that an investigation should be had in connection therewith, _**shall report**_ to the **appropriate United States attorney all the facts and circumstances of the case,** the names of the witnesses and the offense or offenses believed to have been committed." 18 U.S. Code § 3057(a)(Emphasis added)

[5] The Court is asked to take judicial notice of Document 97 in re Regina Nachael Howell Foster, and numbered 12-43804-RFN- 7,Affidavit of Areya Holder. See also Exhibit D, attached and incorporated in its entirety

[6] The Court is asked to take judicial notice of DKT # #64 in 14-4054 and DKT #32 in 14-4068. Pages 60-61 Attached and incorporated hereto in its entirety as Exhibit 1 Page 55

there were only a total of three community claims in the aggregate amount of **$18,748.07** and one separate claim for student loan debt incurred before marriage[7] ("MR. HOODENPYLE: Your Honor, Exhibits 8, 9, 10, and 11 are all proofs of claim that are on file in the Debtor's bankruptcy case, and we'd offer those into evidence or ask the Court take judicial notice of the claims.") ). The claims admitted into evidence were:

I.  A claim for the separate non-dischargeable student loan debt of the debtor, which was incurred before marriage in the amount of $11,000.00 (claim 11)
II.  A claim for ad valorem property taxes for the property located at 3325 Stoneway, in the amount of $2,022.66[8] (Claim No. 6-2)
III.  A claim for an apartment lease in the amount of $2,343.89[9] (Claim 4)
IV.  A claim for joint delinquent IRS income taxes for 2009 and 2010 income in the amount of $14, 381.52[10] (Claim No. 3[11])

17.  A "fair trial in a fair tribunal is a basic requirement of due process." *In re Murchison.*, 349 US 133, 136 (1955). The court should not confuse the denial of the debtor's motion to reopen under 11 USC 350[12] as a final judgment on the merits as to whether the prior bankruptcy court order that was filed in the Tarrant County Proper Records was void for lack of subject

---

[7] The Court is asked to take judicial notice of DKT 31 in re Regina Nachael Howell Foster, and numbered 12-43804-RFN- 7, the Debtor's Amended Schedules, Schedule E, Page 16 of 27. See also Exhibit A, attached and incorporated in its entirety.
[10] The June 13, 2017 transcript of the purported adversary trial the Doc. #64 in 14-4054 and Doc. #32 in 14-4068. Page 46
[9] Id. Page 49
[10] Id Page 56
[11] The IRS withdrew its claim on August 9, 2017 by filing an Amended Claim in the Amount of $0.00. The Court is asked to take Judicial Notice of the Claims Registry in the above styled and numbered order
[12] The Court is reminded that the debtor sought to reopen the bankruptcy due to Areya Holder swore testimony that the largest "creditor" was Singer Levick, who did not hold a prepetion claim, but rather had only an administrative claim. See Transcript of September 12, 2017 hearing on file In re Foster, Case No. 12-43804-rfn7 DKT # 530, Page 72  18 U.S.C. § 155 provides:
    Whoever, being a party in interest, whether as a debtor, creditor, receiver, trustee or representative of any of them, or attorney for any such party in interest, in any receivership or case under title 11 in any United States court or under its supervision, knowingly and fraudulently enters into an agreement, express or implied, with another such party in interest or attorney for another such party in interest, for the purpose of fixing the fees or other compensation to be paid to any party in interest or to any attorney for any party in interest for services rendered in connection therewith, from the assets of the estate, shall be fined under this title or imprisoned not more than one year, or both.

matter jurisdiction, under 11 USC 541(a)(2)(B), over the additional $1.2 million[13] in community

property, under the sole management and control of the debtor's non-filing spouse[14], when the

chapter 7 trustee already had over $24,000.00[15] in cash to satisfy "about $20,000 claims on file

in the case.[16]"A judgment is void as a matter of law when the court "lacked jurisdiction over the

subject matter or the parties, or if it acted in a manner inconsistent with due process of law."[17].

The trustee offers no argument against the controlling precedent that the **"law does not impose**

**upon any person absolutely entitled to a hearing the burden of voluntary intervention in a**

**suit to which he is a stranger[18]"** and that "a judgment or decree cannot bind strangers to the

litigation." *US v. State of Texas*, 158 F.3d 299, 305 (5th Cir. 1998). The Trustee had no standing

to sue Carlos Foster in either adversary 14-4054 or 14-4068,[19]for the over the additional $1.2

---

[13] The Court is asked to take judicial notice of Document DKT 394 in the matter styled re Regina Nachael Howell Foster, and numbered 12-43804-RFN- 7, the Trustee Interim Report February 6, 2017, which lists over $1.2 million in property in column 2 and $24,093.06 in cash in column 5,as funds received by the estate, on page 3 of 3
[14] The Court is asked to take judicial notice of Document DKT 98 in the matter styled re Regina Nachael Howell Foster, and numbered 12-43804-RFN- 7, the Affidavit of Carlos Foster, the Debtor's non-filing spouse, which was prepared by Singer Levick, in which he swore that the income producing real roperties held in the name of the defunct Texas Corporation, 1ˢᵗ Aid Accident & Injury, Inc, were under his sole management and control.
[15] Transcript of September 12, 2017 hearing on file In re Foster, Case No. 12-43804-rfn7 DKT # 530, Page 83
[16] Transcript of September 12, 2017 hearing on file In re Foster, Case No. 12-43804-rfn7 DKT # 530, Page 83. The Court is asked to take judicial notice of Document DKT 497 in the matter styled re Regina Nachael Howell Foster, and numbered 12-43804-RFN- 7 page 20-21 of 22 See also Transcript of June 13, 2017 Adversary Proceeding Trial Doc. #64 in 14-4054 and Doc. #32 in 14-4068. Pages 60-61 Attached and incorporated hereto in its entirety as Exhibit 1 Page 55 ("MR. HOODENPYLE: Your Honor, Exhibits 8, 9, 10, and 11 are all proofs of claim that are on file in the Debtor's bankruptcy case, and we'd offer those into evidence or ask the Court take judicial notice of the claims.") The Court is asked to take judicial notice of the Claims Registry in In re Foster, Case No. 12-43804-rfn7, and which for the convenience of the court a true and correct copy of the Claims Registry is attached hereto, because according to the Claims Registry the IRS amended claim No. 3, on August 8, 2017, against the debtor to zero ($0.00), prior to the September 12, 2017 hearing on file In re Foster, Case No. 12-43804-rfn7 to sale the property to pay the debtor's creditors. The Court is asked to take judicial notice of Document DKT 97 in the matter styled re Regina Nachael Howell Foster, and numbered 12-43804-RFN- 7, the affidavit of Areya Holder, swearing that there were only
[17] *United States v. 119.67 ACRES OF LAND, ETC.*, 663 F.2d 1328, 1331 (5th Cir. 1981). (Citing 11 Wright & Miller, *Federal Practice and Procedure* § 2862 (1973)).
[18] *Martin v. Wilks*, 490 US 755, 763 (1989) (Quoting *Chase National Bank v. Norwalk*, 291 U. S. 431, 441 (1934)(Emphasis added)
[19] The June 13, 2017 transcript of the purported adversary trial the Doc. #64 in 14-4054 and Doc. #32 in 14-4068.

million[20] in community property, under the sole management and control of the debtor's non-filing spouse[21], when the chapter 7 trustee already had over $24,000.00[22] in cash to satisfy to the three (3) community claims introduced into evidence[23] leading up to the void order filed in the Tarrant County Property records. The Controlling precedent in the 5th Circuit provides that **a "void judgment is subject to both direct and collateral attack."** *Matter of Gober*, 100 F. 3d 1195, 1202 (5th Cir. 1996). (Emphasis added).

18.     The US Supreme Court has expressly held the affirmative **"defense of claim preclusion, we emphasize, is properly made in the state proceeding, subject to this Court's ultimate review."** *Rivet v. Regions Bank of La*, 522 US 470, 472 (1998). (emphasis added). In other words, **"federal preemption is a defensive issue that does not authorize removal of a case to federal court"** *Willy v. Coastal Corp.*, 855 F.2d 1160, 1166 (5th Cir. 1988). As the Texas Supreme Court has held:

> [T]he United States Supreme Court relied upon its holding in *Cooter* and recognized that sanctioning counsel for their conduct is collateral to the merits of the underlying case.[24] Sanctioning counsel is "not a judgment on the merits of an action. Rather, it requires the determination of a collateral issue: whether the attorney has abused the judicial process, and, if so, what sanction would be appropriate.'"
>
> *In re Bennett*, 960 SW 2d 35, 39 (Tex. 1997)(quoting *Willy v. Coastal Corp.*, 503 U.S. 131, 137-138(1992))

---

[20] The Court is asked to take judicial notice of Document DKT 394 in the matter styled re Regina Nachael Howell Foster, and numbered 12-43804-RFN- 7, the Trustee Interim Report February 6, 2017, which lists over $1.2 million in property in column 2 and $24,093.06 in cash in column 5,as funds received by the estate, on page 3 of 3

[21] The Court is asked to take judicial notice of Document DKT 98 in the matter styled re Regina Nachael Howell Foster, and numbered 12-43804-RFN- 7, the Affidavit of Carlos Foster, the Debtor's non-filing spouse, which was prepared by Singer Levick, in which he swore that the income producing real roperties held in the name of the defunct Texas Corporation, 1st Aid Accident & Injury, Inc, were under his sole management and control.

[22] Transcript of September 12, 2017 hearing on file In re Foster, Case No. 12-43804-rfn7 DKT # 530, Page 83

[23] The June 13, 2017 transcript of the purported adversary trial the Doc. #64 in 14-4054 and Doc. #32 in 14-4068. Page 46 -56

[24] *Willy v. Coastal Corp.*, 503 U.S. 131, 137-138 (1992)(Citing *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 396 (1990))

The trustee's insistence that the state of Texas does not recognize a claim for civil conspiracy are

utterly frivolous and without legal merit in light of the two (2) holdings by the Texas Supreme

Court, namely *First United Pentecostal Church of Beaumont v. Parker*, 514 S.W.3d 214 (Tex.

2017) and *Tri v. JTT*, 162 SW 3d 552, 561 (Tex. 2005), Tex. Civ. Prac. & Rem. Code 10, and

Tex. Civ. Prac. & Rem. Code 12. The trustee's reliance on the unpublished opinion in *Smith v.*

*Wilmington Savings Fund Society FSB, as Trustee for Stanwich Mortgage Loan Trust*, 2019 WL

2996571, *11 (June 14, 2019), report of recommendation adopted by *Smith v. Wilmington*

*Savings Fund Society FSB, as Trustee for Stanwich Mortgage Loan Trust*, 2019 WL 2995943

(N.D. Tex. July 8, 2019) is misguided. An unpublished opinion issued after January 1, 1996 is

not controlling precedent, but may be persuasive authority. 5th Cir. R. 47.5.4. In applying Texas

law, a court must avoid "'stray[ing] from the plain language of a statute ... risk[s] encroaching on

the Legislature's function to decide what the law should be.1' Forte v. Wal-Mart Stores, Inc., 763

F.3d at 427 (Quoting Fitzgerald v. Advanced Spine Fixation Sys., Inc., 996 S.W.2d 864, 866

(Tex.1999). The plain text of Texas Civil Practice and Remedies Code § 12.002 provides for

liability for filing a void judgment in Texas County records.

19.     In *Trevino v. Ortega,* the Texas Supreme court expressly held that its "refusal to

recognize spoliation as an independent tort is buttressed by an analogous line of cases refusing to

recognize a separate cause of action for perjury or embracery" *Trevino v. Ortega,* 969, 953 SW

2d 950 (Tex. 1998). The issue in *Trevino v. Ortega* concerned destroying evidence in an ongoing

legal proceeding. The Texas Supreme Court refused to create a new cause of action for intrinsic

fraud and not to change the elements of a civil conspiracy claim as two (20 later Texas Supreme

Court cases clearly establish, namely *First United Pentecostal Church of Beaumont v. Parker,*

514 S.W.3d 214 (Tex. 2017) and *Tri v. JTT,* 162 SW 3d 552, 561 (Tex. 2005). *Erie* guesses as to

state law are wrong sometimes.[25]. The Certain Defendants simply cannot grasp that the Texas

Supreme Court has Expressly held that one of the five elements of a civil conspiracy is "one or

more unlawful, overt acts are taken in pursuance of the object or course of action; and (5)

damages occur as a proximate result. *First United Pentecostal Church of Beaumont v. Parker*,

514 S.W.3d 214 (Tex. 2017). And, in accordance with the Texas Open Courts provision in Art. 1

Sec 13 of the Texas Constitution, Texas law, "the jury ma[kes] affirmative findings on each

element necessary to establish a civil conspiracy." *Tri v. JTT*, 162 SW 3d 552, 561 (Tex. 2005).

20.    Respect for the actual rulings of a state's highest court "is a necessary concomitant of the

Framers' decision to authorize, and Congress' decision to implement, a dual system of federal

and state courts. It represents Congress' considered judgment as to how to balance the tensions

inherent in such a system. Prevention of frequent federal court intervention is important to make

the dual system work effectively." *Chick Kam Choo v. Exxon Corp.*, 486 US 140, 145-146

(1988). In *Pennzoil Co. v. Texaco Inc.*, 481 US 1 (1987) the US Supreme Court admonished by

the federal district court and the Circuit Court of Appeals for violating 28 U. S. C. § 2283,

commonly known as, the Anti-Injunction, Constitutionally mandated Comity, and the principles

of federalism, by interfering with a Texas court proceeding under the laws of Texas as follows:

> Both the District Court and the Court of Appeals failed to recognize the significant
> interests harmed by their unprecedented intrusion into the Texas judicial system.
> Similarly, neither of those courts applied the appropriate standard in determining whether
> adequate relief was available in the Texas courts.

*Pennzoil Co. v. Texaco Inc.*, 481 US 1, 10 (1987).

---

[25]*Priester v. JP Morgan Chase Bank, NA*, 927 F.3d 912 (5th Cir. 2019). ("*Erie* guesses are just that—guesses.
Hopefully we get them right, but sometimes we get them wrong")

21.     As the 5th Circuit has held, "the court has the power, indeed the duty, to remind counsel that they are professionals and order their return to the playing field. This is no matter of rules of fine etiquette. Rather, it is the matter of lawyers as officers of the court conducting themselves in ways that do not impede the work of the courts." *Newby v. Enron Corp.*, 302 F. 3d 295, 303 (5th Cir. 2002). The US Supreme Court has expressly ruled thar "a case may not be removed to federal court on the basis of a federal defense, . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." *Rivet v. Regions Bank of La.*, 522 US 470, 475 (1998 )(citing *Franchise Tax Bd. of Cal.* v. *Construction Laborers Vacation Trust for Southern Cal.*, 463 U. S. 1, 14 (1983)). ("[t]he parallel exercise of state and federal judicial power is inherent in our government of dual sovereignty.") *Newby v. Enron Corp.*, 542 F. 3d 463, 474 (5th Cir. 2008). The controlling Supreme Court precedent has made it abundantly clear that any affirmative defense based on a prior federal judgement **"is properly made in the state proceeding, subject to this Court's ultimate review."** *Rivet v. Regions Bank of La*, 522 US 470, 472 (1998). (emphasis added).

WHEREFORE ALL PREMISES CONSIDERED, Plaintiff prays that this DENY Defendant's Motion To Strike Plaintiff's Jury Demand that this matter be withdrawn from the bankruptcy court for lack of subject matter jurisdiction and such further, other, and or additional relief for which she may show herself entitled.

Respectfully submitted by:

Regina Nachael Howell Foster
Pro Se Debtor
3325 Stoneway Dr. Grand Prairie, TX 75052
817-217-3933
Rnachael@gmail.com

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument was served in accordance with the Federal rules of civil procedure on all counsel of record this 28th day of February 2020.

**Todd A. Hoodenpyle**
**levick@singerlevick.com**
**Michelle E. Shriro**
**mshriro@singerlevick.com**
**SINGER & LEVICK, P.C.**
**16200 Addison Road, Suite 140**
**Addison, Texas 75001**

Carlos Foster
207 Autumnwood Drive,
Mansfield TX 76063

William T. Neary
United States Trustee for Region 6 of the US Department of Justice
Earle Cabell Federal Building
1100 Commerce Street, Room 976
Dallas, TX 75242

Regina Nachael Howell Foster  Pro Se Plaintiff